IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DELBER CHATMON,

Defendant.                                      No. 99-cr-40085-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

Pending before the Court is Chatmon's August 12, 2013 motion under the privacy act (Doc. 171).   Specifically, Chatmon asks that the Court direct the probation office to amend and correct his Presentence Investigation Report concerning "'other arrests' charge for Rape with an arrest date of March 1, 1998. Disposition: found guilty; disposition unknown (no further details are available)." Based on the following, the Court dismisses Chatmon's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule.   *See Carlisle v. United States*, 517 U.S. 416 (1996).   The following post-judgment motions are allowed if timely filed.   Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate

motion or the court of appeals remands.  Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict.  Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Chatmon does not cite any case law or statute which allows the Court to consider his motions.  Rule 35 is inapplicable because these motions are brought over 11 ½ years *after* the sentencing and Judgment (February 19, 2002) the motions do not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce.  Likewise, Rule 33 does not apply because the motions do not appear to be brought on newly discovered evidence and they were not filed within 7 days of the verdict to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Chatmon could bring this motion is a § 2255 collateral attack, which Chatmon filed and the Court denied and dismissed with prejudice.  *See Chatmon v. United States*, 04-0440-DRH.  In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8.  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Seventh Circuit has not done so.  Therefore, the Court does not have jurisdiction to entertain the pending motion.

Furthermore, Federal Rule of Criminal Procedure 32(f)(1) states:

Time to Object.  Within 14 days after receiving the presentence report, the parties must state in writing any objections, including

objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.

Chatmon, by and through his attorney, filed many objections to the Presentencing Investigation Report on August 27, 2001 (Doc. 99). None of the objections raised by Chatmon was related to this issue. Clearly, it is too late to raise this objection. The Seventh Circuit has specifically held that "[a] district court may rely on factual information supplied by a presentence report so long as it bears sufficient indicia of reliability to support its probable accuracy." *United States v. Salinas*, 365 F.3d 582, 587-88 (7th Cir.2004). Similarly, Rule 32 of the Federal Rules of Criminal Procedure provides that "[a]t sentencing, the court … may accept any undisputed portion of the presentence report as a finding of fact." Fed.R.Crim.P. 32(i)(3)(A). Importantly, "[w]hen the court relies on such information in sentencing a defendant, the defendant bears the burden of showing that the presentence report is inaccurate or unreliable." *Salinas*, 365 F.3d at 587. "A defendant does not satisfy this burden simply by denying the truth of what the presentence report represents as fact," but "must produce some evidence that calls the reliability or correctness of the alleged facts into question." <u>Id.</u> (quotation marks omitted). The Court notes that Chatmon brings this motion under a *civil* rule and that this is a criminal matter. Because the Court finds that Chatmon's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Lastly, the Court notes that the probation office does not have the authority to investigate the two juvenile cases in question nor does probation have signed release forms to request the juvenile cases.  Further, there is an issue with Chatmon using alias names that would have to be investigated.

Accordingly, the Court dismisses for want of jurisdiction Chatmon's August 12, 2013 motion under the privacy act (Doc. 171).  If Chatmon is serious about pursuing this motion, he should ask the Seventh Circuit for permission to file a successive § 2255 motion.  This old criminal matter is closed.

**IT IS SO ORDERED.**

Signed this 7th day of October, 2013.

Digitally signed by
David R. Herndon
Date: 2013.10.07
16:15:57 -05'00'

**Chief Judge**
**United States District Court**