IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**DELBERT CHATMON,**

**Defendant.**                                                      **No. 99-CR-40085-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On February 19, 2002, the Court sentenced Chatmon to life in prison (Doc. 112). On February 27, 2002, Chatmon filed his notice of appeal (Doc. 117). Thereafter, the Seventh Circuit affirmed Chatmon's conviction and sentence on April 4, 2003 and issued its Mandate reflecting the same on May 13, 2003 (Doc. 125). On January 16, 2013, the Court reduced Chatmon's sentence from life to 360 months imprisonment (Doc. 167). On October 31, 2014, Chatmon file a pro se motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 (Doc. 173). The Court referred the matter to the Federal Public Defender's officer pursuant to Administrative Order 167 (Doc. 175). On February 4, 2015, Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on behalf of Chatmon (Doc. 176). Skaggs has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 179). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Chatmon an opportunity to respond to the

motion to withdraw (Doc. 181); which he did so on February 9, 2016 (Doc. 184). Specifically, Chatmon asks the Court to consider the 18 U.S.C. §3553(a) factors and impose a sentence of 240 months.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B).

Chatmon *is* not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Here, Chatmon was sentenced in part for a crime involving cocaine base totaling 1.56 kilograms. Based on this drug quantity, Chatmon's total

offense level of 46; criminal history category of III all which provided for a guideline range of life imprisonment.  Under the 2011 Amendments, Chatmon's amended offense level was 42; criminal history category III and amended guideline range was 360 months to life. Under the 782 Amendment, Chatmon's total offense level is 40 and a criminal history category of III which would provide for a guideline range of 360 months to life imprisonment.  Thus, Chatmon's guideline sentencing range did not change despite the two level reduction under the 782 Amendment.  Thus, Chatmon's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 179) and **DENIES** Chatmon's motion for a sentence reduction (Doc. 173).

**IT IS SO ORDERED.**

Signed this 9th day of February, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.02.10 09:51:20 -06'00'

**United States District Judge**