IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                              No. 99-40085-DRH

DELBERT CHATMON,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

On February 19, 2002, the Court sentenced Chatmon to life in prison (Doc. 112). On February 27, 2002, Chatmon appealed his sentence and conviction (Doc. 117). On April 4, 2003, the Seventh Circuit Court of Appeals affirmed Chatmon's sentence and conviction and issued its Mandate on May 13, 2003 (Doc. 123). On January 16, 2013, the Court reduced Chatmon's sentence from life in prison to 360 month imprisonment (Doc. 167). Thereafter, the Court denied Chatmon's motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 on February 10, 2016 (Doc. 183). Specifically, the Court found: "Under the 782 Amendment, Chatmon's total offense level is 40 and a criminal history category of III which would provide for a guideline range of 360 months to life imprisonment. Thus, Chatmon's guideline sentencing range did not change despite the two level reduction under the 782 Amendment." (Doc. 183, pg. 2).

Pending before the Court is Chatmon's December 18, 2017 motion to

proceed in forma pauperis on appeal (Doc. 185). That same day, Chatmon filed a notice of appeal (Doc. 184). As the Court's February 10, 2016 Memorandum and Order is the last Order entered in this closed criminal case, the Court construes his notice of appeal as appealing from that Memorandum and Order denying him relief. Based on the following, the Court denies the motion to proceed in forma pauperis as the appeal is not taken in good faith.

According to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id*. To determine that an appeal is taken in good faith, the Court "need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 026 (7th Cir. 2000)). Here, the Court finds that no reasonable person could reach the conclusion that the appeal is taken in good faith as the appeal is clearly untimely if Chatmon intends to appeal the Court's February 10, 2106 Memorandum and Order. Further, the Court correctly found that Chatmon was not entitled to a sentence reduction pursuant to the 782 Amendment.

Insofar as Chatmon's Notice of Appeal could be construed as seeking relief via a motion to vacate pursuant to 28 U.S.C. Section 2255 based on 21 U.S.C. § 851, the Court finds that this would be Chatmon's second and or successive 28 U.S.C. § 2255 motion which he needs authorization from the Seventh Circuit Court of Appeals to proceed and he has not shown he has such authorization. The Court

notes that Chatmon has previously filed a Section 2255 motion/case that was denied and dismissed with prejudice by this Court on July 18, 2007 and Judgment was entered reflecting the same the next day. *See Chatmon v. United States*, 04-0440-DRH; Docs. 21 & 22. Thereafter, the Seventh Circuit issued its Mandate affirming on May 6, 2008. Id. at Doc. 34. The Court notes that if Chatmon would like to file another Section 2255 motion he must seek permission from the Seventh Circuit Court of Appeals before doing so.[1] Thus, if Chatmon intended to file a 28 U.S.C. § 2255 motion, the Court lacks jurisdiction to entertain that motion without authorization from the Seventh Circuit Court of Appeals.

**IT IS HEREBY ORDERED** that Chatmon's motion for leave to proceed in forma pauperis on appeal (Doc. 185) is **DENIED**. Chatmon shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court in this District within **THIRTY** (30) days of the date of the entry of this Order or he may reapply with the Seventh Circuit Court of Appeals for leave to proceed in forma pauperis on appeal. Furthermore, if Chatmon intended to seek relief pursuant to 28 U.S.C. §

---

1 Chatmon's current notice of appeal could be considered a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ § 2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

2255, Chatmon must seek authorization with the Seventh Circuit Court of Appeals before proceeding in this Court as the Court lacks jurisdiction to entertain the second or successive motion.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.20
13:45:08 -06'00'

**United States District Judge**