IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DELBERT CHATMON,

Defendant.                                         No. 99-cr-40085-DRH

# MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Chatmon's January 16, 2018 sealed motion to amend and correct presentence investigation report disclosed on August 10, 2001, and to thereafter forward corrected report of information to the BOP officials to update their records (Doc. 193). The Court notes that Chatmon filed a similar motion regarding his PSR on August 12, 2013 (Doc. 171) which the Court dismissed for lack of jurisdiction on October 7, 2013 (Doc. 172). Based on the following, the Court dismisses for lack of jurisdiction this current motion as it deserves the similar fate as his previous motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35,

revision is proper only within 14 days, unless the prosecutor files an appropriate motion.  Further, a Rule 33 motion for new trial grounded on newly discovered evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict.  Lastly, a collateral attack under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, Chatmon does not cite any case law or statute which allows the Court to consider his motion.  Rule 35 is inapplicable because this motion is brought almost 16 years *after* the sentencing and Judgment (February 19, 2002) the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce.  Likewise, Rule 33 does not apply because the motion is not brought on newly discovered evidence within 3 years and it was not filed within 14 days of the verdict to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Chatmon could bring this motion is a § 2255 collateral attack, which Chatmon filed and the Court denied and dismissed with prejudice.  *See Chatmon v. United States*, 04-0440-DRH.  In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8.  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Seventh Circuit has not done so.  Therefore, the Court does not have jurisdiction to entertain the pending motion.

Accordingly, the Court dismisses for want of jurisdiction Chatmon's January 16, 2018 sealed motion. If Chatmon is serious about pursuing this motion, he should ask the Seventh Circuit for permission to file a successive § 2255 motion. This very old criminal matter is closed.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
16:14:08 -06'00'

**United States District Judge**